| | |
|---|---|
| Boundless, LLC, | |
| Plaintiff, | |
| v. | Case No: 2025CV00369 |
| Marina Management, Inc., and the City of Washburn, | |
| Defendants. | |

## DEFENDANT MARINA MANAGEMENT, INC.'S BRIEF IN SUPPORT OF ITS MOTION TO AMEND THE PRETRIAL CONFERENCE ORDER

NOW COMES Defendant, Marina Management, Inc. (hereinafter, "MMI" or "Defendant"), by and through its attorneys, Wilson Elser Moskowitz Edelman & Dicker LLP, and hereby submits the following Brief in support of its Motion to Amend the Pretrial Conference Order, with good cause, pursuant to Fed. R. Civ. P. 6(b) and 16(b)(4).

## BACKGROUND

This case arises from alleged property damage to Plaintiff's sailing vessel during an end-of-season haul-out performed by MMI on October 3, 2024. (Dkt. No. 1, Complaint 2-4.) On August 26, 2025, the Court entered a Pretrial Conference Order setting, in part: a January 8, 2026 deadline for Plaintiff's disclosure of expert witnesses and written reports under Rule 26(a)(2)(B); a February 12, 2026 deadline for Defendant's disclosure of expert witness and written reports; a March 19, 2026 deadline to file dispositive motions; July 10, 2026 as the discovery cutoff; a July 17, 2026 deadline for settlement letters; a July 24, 2026 deadline for Rule 26(a)(3) disclosures and motions in limine, with responses due August 7, 2026; August 18, 2026 and August 25, 2026 as

the respective Final Pretrial Conference Dates; and an August 31, 2026 trial date. (Dkt. No. 16.)

On January 27, 2026, Plaintiff filed a Stipulation and Proposed Order to Amend the Pretrial Conference Order. (Dkt. Nos. 27-28.) On January 27, 2026, the Court issued a text Order granting the Stipulation to Amend the Pretrial Conference Order in part. The Court's Order extended Plaintiff's expert disclosure deadline to March 4, 2026; Defendant's expert disclosure deadline to April 3, 2026; and the deadline to file dispositive motions to April 17, 2026. (Dkt. No. 30.) All other deadlines remained in place. (*Id.*)

Following a joint preliminary inspection on September 18, 2025, all parties' respective experts in attendance agreed that a second inspection was necessary for additional testing and specifically, dial run-out testing regarding the straightness and alignment of the propeller shaft. Defendant repeatedly sought to schedule this inspection. Plaintiff's prior counsel would or could not confirm dates for the second inspection and additional testing, and Plaintiff's current counsel first agreed to the second inspection then subsequently represented that no such inspection would occur on the dates Defendant proposed. (Exhibit 1 to Declaration of Jessica L. Rowe ("Rowe Decl."), February 4, 2026 email exchange between Plaintiff and Defendant counsels; Dkt. No. 26, Plaintiff's Notice of Appearance; Dkt. No. 29, Notice of Withdrawal.)

On March 4, 2026, Defendant received Plaintiff's expert disclosures and discovered that Plaintiff had unilaterally conducted the supplemental inspection and testing on January 24, 2026, which was done without notice to or participation by Defendant. (Exhibit 2 to Rowe Decl., Plaintiff's Expert Disclosures, Exhibit C, 1.) Plaintiff's expert, Dwight C. Escalera's opinions are based on this undisclosed testing.

Defendant relied on Plaintiff's representations that no additional inspection would occur. Plaintiff's unilateral testing materially prejudices Defendant's ability to present competing expert

testimony. Plaintiff's Counsel tentatively indicated the parties could look at the week of March 23, 2026 if needed for a second inspection. (*See* Exhibit 1 to Rowe Decl.) However, Defendant's expert has recently undergone surgery and as part of his postoperative medical restrictions, is not able to fly from out of state for the second inspection until mid-April. Defendant therefore respectfully requests an amended Pretrial Conference Order extending Defendant's expert disclosure deadline to permit Defendant to conduct its own inspection, tentatively scheduled with Plaintiff's Counsel for April 22, 2026 – the earliest available date due to Defendant's expert's recent surgery and medical restrictions. Additionally, the delay in conducting a second inspection will affect all remaining Pretrial Conference Order deadlines.

## ARGUMENT

Good cause exists for the proposed amendments under Fed. R. Civ. P. 6(b) and 16(b)(4). Defendant has diligently pursued the supplemental inspection throughout this litigation and filed this motion promptly upon learning of Plaintiff's undisclosed inspection and testing, meeting and conferring with Plaintiff's counsel on this issue and the proposed amended Pretrial Conference Order, as well as coordinating an inspection date with Plaintiff and Defendant's retained expert. The need for modification arises from circumstances outside Defendant's control, and Plaintiff's Counsel has indicated that they do not generally object to the proposed extensions. Absent modification, Defendant will suffer significant prejudice and unfairness, as it will be deprived of a meaningful opportunity to conduct its own inspection and present competing expert testimony in response to Plaintiff's undisclosed testing.

## I. DEFENDANT HAS DEMONSTRATED GOOD CAUSE FOR MODIFICATION

At every juncture, Defendant actively sought to arrange a date for the parties to conduct a joint supplemental inspection, as was agreed to be necessary by all experts at the preliminary

inspection. When Plaintiff's prior counsel declined, Defendant continued to press the issue. When new counsel appeared, Defendant raised it again, only to be told no testing would occur. The true need for this extension became apparent only as of March 4, 2026, when Plaintiff provided its expert disclosures revealing its private inspection conducted on January 24, 2026.

## II. DEFENDANT WILL SUFFER UNFAIR PREJUDICE ABSENT AMENDMENT

Plaintiff's expert opinions are based on supplemental testing performed at Plaintiff's private and undisclosed inspection on January 24, 2026, which Defendant had no opportunity to observe, challenge, or replicate. Without the requested extension, Defendant cannot evaluate the methodology used, assess the testing conditions, or conduct independent testing to verify or rebut Plaintiff's experts' findings. This is not a case where both parties had equal access to the evidence. Despite the vessel being at MMI's property, Plaintiff built a wooden structure around it with a locked door to which MMI has no access. Rather, Plaintiff's undisclosed unilateral testing has deprived Defendant of a fair opportunity to develop competing expert testimony.

The requested extension is reasonable and narrowly tailored. Plaintiff completed its testing and disclosed its reports, and Plaintiff has since agreed to permit Defendant's subsequent inspection. This is MMI's first request for an extension. This request is not made for the purpose of delaying the case, and neither party will be prejudiced by modifying the Pretrial Conference Order. Granting Defendant the opportunity to conduct reciprocal testing ensures the fact-finder will have the benefit of competing expert opinions based on the same evidentiary foundation.

## CONCLUSION

Based on the foregoing, Defendant Marina Management, Inc. respectfully requests that the Court grant its motion to amend the Pretrial Conference Order and proposes the following modifications:

| CASE ACTIVITY/TASK | CURRENT DEADLINE | PROPOSED / AS AMENDED |
|---|---|---|
| **Defense Expert Disclosures** | April 3, 2026 | May 27, 2026 |
| **Deadline to File Dispositive Motions** | April 17, 2026 | June 18, 2026 |
| **Discovery Cutoff** | July 10, 2026 | July 17, 2026 |
| **Settlement Letters** | July 17, 2026 | July 24, 2026 |
| **Rule 26(a)(3) Disclosures and all motions in limine** | July 24, 2026 | August 14, 2026 |
| **Rule 26(a)(3) and motions in limine Responses** | August 7, 2026 | August 28, 2026 |
| **First Final Pretrial Conference** | August 18, 2026 | September 7, 2026 |
| **Second Final Pretrial Conference** | August 25, 2026 | October 5, 2026 |
| **Trial** | August 31, 2026 | October 19, 2026 |

Dated this 17th day of March, 2026.

**WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP**

*/s/ Jessica L. Rowe*
Jessica L. Rowe (State Bar #1100844)
Samuel Obscherning (State Bar #1127588)
555 East Wells St., Suite 1730
Milwaukee, WI 53202
Telephone: (414) 292-3020
Jessica.Rowe@wilsonelser.com
Samuel.Obscherning@wilsonelser.com

*Attorneys for Defendant Marina Management, Inc.*